**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 04-5124**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

RICKY EUGENE EVERHART, a/k/a Red,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Statesville. Richard L. Voorhees, District Judge. (CR-03-34)

Submitted: December 28, 2005    Decided: February 7, 2006

Before MICHAEL and MOTZ, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed in part, vacated in part, and remanded by unpublished per curiam opinion.

Mark P. Foster, Jr., NIXON, PARK, GRONQUIST & FOSTER, P.L.L.C., Charlotte, North Carolina, for Appellant. Gretchen C. F. Shappert, United States Attorney, Keith Cave, Assistant United States Attorney, Charlotte, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Ricky Eugene Everhart was convicted by a jury of conspiracy to possess with intent to distribute a quantity of cocaine base, in violation of 21 U.S.C. §§ 841, 846 (2000), and two counts of possession with intent to distribute cocaine base, in violation of 21 U.S.C. § 841. The district court sentenced Everhart to 360 months of imprisonment, noting an alternative sentence of 180 months under United States v. Hammoud, 381 F.3d 316 (4th Cir. 2004) (en banc), vacated by 125 S. Ct. 1051 (2005). On appeal, Everhart argues that (1) the district court abused its discretion in admitting into evidence duplicate compact disc ("CD") recordings of microcassette audio recordings pursuant to Fed. R. Evid. 1003; (2) the district court erred in denying his motion for judgment of acquittal based on sufficiency of the evidence; and (3) his sentence violates United States v. Booker, 125 S. Ct. 738 (2005), and he is therefore entitled to resentencing. For the reasons that follow, we affirm Everhart's convictions, vacate his sentence, and remand for resentencing.

Everhart first argues on appeal that the court abused its discretion in admitting into evidence duplicate CD recordings under Federal Rule of Evidence 1003. The standard of review for the admission of a tape recording is abuse of discretion. See United States v. Capers, 61 F.3d 1100, 1106 (4th Cir. 1995). This court will not find error "unless the foundation for admission is clearly

insufficient to insure the accuracy of the recording." Id. (citing United States v. Clark, 986 F.2d 65, 69 (4th Cir. 1993)). It is a jury question whether the evidence admitted is what its proponents claim it to be. Id. (citing United States v. Branch, 970 F.2d 1368, 1372 (4th Cir. 1992)). "The proponent of an audio recording must show that the recording was sufficiently authentic to be admitted into evidence." United States v. Wilson, 115 F.3d 1185, 1188-89 (4th Cir. 1997). "The district court has wide latitude in determining whether or not the proponent of a tape recording has adequately laid the foundation from which a jury could reasonably evaluate the accuracy, the validity, and the credibility of the contents of the recording." Id. at 1189. Because the Government established a sufficient foundation for the duplicate recordings, and Everhart did not raise a "genuine question" to the authenticity of the original, we find that the district court did not abuse its discretion in admitting the duplicate recordings.

Next, Everhart argues that the district court erred in denying his motion for judgment of acquittal. Specifically, he argues on appeal that the evidence was insufficient to sustain his convictions. This court reviews the district court's decision to deny a motion for judgment of acquittal de novo. United States v. Gallimore, 247 F.3d 134, 136 (4th Cir. 2001). If the motion was based on insufficiency of the evidence, the verdict must be sustained if there is substantial evidence, taking the view most

- 3 -

favorable to the Government, to support it. <u>Glasser v. United States</u>, 315 U.S. 60, 80 (1942). "[S]ubstantial evidence is evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." <u>United States v. Burgos</u>, 94 F.3d 849, 862 (4th Cir. 1996) (en banc). In evaluating the sufficiency of the evidence, this court does not review the credibility of the witnesses. <u>United States v. Romer</u>, 148 F.3d 359, 364 (4th Cir. 1998). We find sufficient evidence to support Everhart's convictions and therefore no error in the district court's denial of the motion.

Last, Everhart contends that his sentence violates <u>Booker</u> and asks that his case be remanded for resentencing. Because Everhart objected below based on <u>Blakely v. Washington</u>, 542 U.S. 296 (2004), this claim is reviewed under a harmless error analysis. <u>United States v. Mackins</u>, 315 F.3d 399, 405 (4th Cir. 2003). The Government bears the burden in harmless error review of showing beyond a reasonable doubt that the error did not affect the defendant's substantial rights. <u>Id.</u> at 405. Affecting substantial rights means that the error affected the outcome of the proceedings. <u>United States v. Stokes</u>, 261 F.3d 496, 499 (4th Cir. 2001).

In <u>Booker</u>, the Supreme Court held that <u>Blakely</u> applied to the federal sentencing guidelines and that the mandatory manner in

which the federal sentencing guidelines required courts to impose sentencing enhancements based on facts found by the court by a preponderance of the evidence violated the Sixth Amendment. 125 S. Ct. at 746, 750. Here, the district court erred because the drug quantity calculations and enhancements were imposed under the mandatory guidelines scheme. United States v. Hughes, 401 F.3d 540, 547 (4th Cir. 2005). The error affected Everhart's substantial rights because the sentence imposed was longer than the term of imprisonment that the district court could have imposed based solely on the jury's findings. See id. at 548. Accordingly, Everhart's sentence must be vacated and remanded for resentencing.

The district court, in this post-Hammoud sentencing, imposed a lower alternative sentence in light of Everhart's Blakely objection and pursuant to the recommendation that the court announce an alternate sentence treating the guidelines as advisory only. Thus, the district court erred when it imposed Everhart's sentence under a mandatory guidelines scheme, and the evidence is clear and non-speculative that such error affected the outcome of Everhart's proceedings.[*]

The Government agrees that there was error but argues that resentencing is unnecessary in light of the court's alternative sentence. While Hughes did not involve an alternative

---

[*]Just as we noted in Hughes, 401 F.3d at 545 n.4, "[w]e of course offer no criticism of the district judge, who followed the law and procedure in effect at the time" of Everhart's sentencing.

sentence, the existence of the alternative sentence does not undermine the finding of error. Post-Booker, a court is required to consider the guideline range in conjunction with other relevant factors under 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2005), and impose sentence. Hughes, 401 F.3d at 546. Here, when imposing the alternative sentence, the district court provided no discussion or reasoning and did not state that it had considered the 18 U.S.C.A. § 3553(a) factors. Thus, it is unclear on what basis the district court calculated its alternative sentence and whether the court would impose a different sentence following the Hughes procedure. See United States v. Crosby, 397 F.3d 103 (2d Cir. 2005) (ordering remand for consideration of § 3553 factors, even in light of identical, alternative sentence). Therefore, the Government has failed to show beyond a reasonable doubt that the Booker error did not affect the length of Everhart's sentence.

Although the sentencing guidelines are no longer mandatory, Booker makes clear that a sentencing court must still "consult [the] Guidelines and take them into account when sentencing." 125 S. Ct. at 767. On remand, the district court should first determine the appropriate sentencing range under the guidelines, making all factual findings appropriate for that determination. See Hughes, 401 F.3d at 546. The court should consider this sentencing range along with the other factors described in 18 U.S.C.A. § 3553(a), and then impose a sentence.

<u>Id.</u> If that sentence falls outside the guidelines range, the court should explain its reasons for imposing a non-guidelines sentence, as required by 18 U.S.C.A. § 3553(c)(2) (West 2000 & Supp. 2005). <u>Id.</u> The sentence must be "within the statutorily prescribed range and . . . reasonable." <u>Id.</u>

Based on the foregoing, we affirm Everhart's convictions, vacate his sentence, and remand for resentencing. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED IN PART,</u>
<u>VACATED IN PART, AND REMANDED</u>
