Vacated by Supreme Court, March 31, 2008

**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 06-4901**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

RICKY EUGENE EVERHART,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Statesville. Richard L. Voorhees, District Judge. (5:03-cr-00034-1)

Submitted: July 31, 2007          Decided: August 21, 2007

Before MICHAEL and MOTZ, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Mark P. Foster, Jr., NIXON, PARK, GRONQUIST & FOSTER, P.L.L.C., Charlotte, North Carolina, for Appellant. Gretchen C. F. Shappert, United States Attorney, Charlotte, North Carolina, Amy E. Ray, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Ricky Eugene Everhart appeals the sentence imposed following remand for resentencing. Initially, we affirmed Everhart's convictions,[*] but found Everhart's Sixth Amendment rights were violated in that he was sentenced pursuant to the then-mandatory sentencing guidelines. See United States v. Everhart, 166 F. App'x 61 (4th Cir. 2006) (unpublished). Accordingly, we vacated Everhart's sentence and remanded case for resentencing in accordance with United States v. Booker, 543 U.S. 220 (2005).

On remand, the district court utilized the same guideline calculations that were applied at Everhart's initial sentencing — a total offense level of forty and a criminal history category III — yielding a sentencing guideline range of 360 months to life imprisonment. The district court sentenced Everhart to 360 months' imprisonment. Everhart timely appealed.

On appeal, Everhart asserts errors related to the jury instructions and the jury's findings, and raises two issues related to the reasonableness of his sentence. As an initial matter, we conclude that the mandate rule precludes us from considering the purported errors regarding the jury instructions and jury findings. The mandate rule "forecloses relitigation of issues expressly or

---

[*]Everhart was convicted of conspiracy to possess with intent to distribute fifty grams or more of cocaine base, in violation of 21 U.S.C. §§ 841, 846 (2000), and two counts of possession with intent to distribute fifty grams or more of cocaine base, in violation of 21 U.S.C. § 841(a)(1) (2000).

impliedly decided by the appellate court." <u>United States v. Bell</u>, 5 F.3d 64, 66 (4th Cir. 1993). We have already affirmed Everhart's convictions, and our remand order was expressly limited to resentencing. <u>See</u> <u>Everhart</u>, 166 F. App'x at 63-64. Therefore, these issues, which relate to the integrity of the jury's verdict and the legal sufficiency of the jury instructions, are outside the scope of our mandate.

In challenging the reasonableness of his sentence, Everhart first asserts that the district court "erroneously viewed the low end of the guideline range as a mandatory minimum below which [it] could not go without explicit on-the-record factual justification." Everhart maintains that this is tantamount to treating the guidelines as mandatory. Thus, according to Everhart, by increasing his sentence based on judicially determined facts not alleged in the indictment or found by a jury beyond a reasonable doubt, the district court violated his Sixth Amendment rights. At the heart of Everhart's argument is his contention that, because the indictment only charged Everhart with offenses involving "cocaine base," the district court improperly engaged in judicial fact-finding in determining that the substance involved was "crack" cocaine, a fact neither charged in the indictment nor proven to the jury beyond a reasonable doubt. Because the Government did not explicitly prove that the substance was "crack" cocaine, Everhart

argues, the district court should have sentenced Everhart pursuant to the guideline for "cocaine."

Everhart's argument fails for several reasons. First, Everhart's assertion that the district court could not sentence Everhart to a term of imprisonment outside the guidelines range without express justification is an accurate statement of post-Booker law. See United States v. Hernandez-Villanueva, 473 F.3d 118, 122-23 (4th Cir. 2007) (opining that a sentence outside the advisory Guidelines range will be found unreasonable if the sentencing court "provides an inadequate statement of reasons" for the sentence); United States v. Khan, 461 F.3d 477, 499 (4th Cir. 2006) ("[T]he court must explain the reasoning behind any sentence, particularly sentences that vary from the range recommended by the Guidelines."). Further, the distinction Everhart draws between "crack" cocaine and cocaine base is entirely without merit. As Everhart acknowledges in his appellate brief, we have concluded that "cocaine base" and "crack cocaine" are interchangeable terms. United States v. Ramos, 462 F.3d 329, 334 (4th Cir.), cert. denied, 127 S. Ct. 697 (2006). Finally, contrary to Everhart's assertion on this point, Booker does not preclude sentencing courts from making factual determinations. In fact, district courts are authorized and required to do so. See Rita v. United States, 127 S. Ct. 2456, 2465-66 (2000), (noting that the Supreme Court's "Sixth Amendment cases do not automatically forbid a sentencing

court to take account of factual matters not determined by a jury and to increase the sentence in consequence"); United States v. Dalton, 477 F.3d 195, 197 (4th Cir. 2007).

Everhart next contends that the district court erred in denying his motion for a variance sentence. Post-Booker, we will affirm a sentence that is within the statutorily prescribed range and is reasonable. United States v. Moreland, 437 F.3d 424, 433 (4th Cir.), cert. denied, 126 S. Ct. 2054 (2006). "[A] sentence within the proper advisory Guidelines range is presumptively reasonable." United States v. Johnson, 445 F.3d 339, 341 (4th Cir. 2006). The Supreme Court recently upheld this presumption of reasonableness. Rita, 127 S. Ct. at 2462-67.

Everhart's 360-month sentence, which was within the prescribed period and and the lowest sentence under the properly calculated guidelines range, is presumptively reasonable and Everhart offers no compelling argument to rebut this presumption. Accordingly, we reject Everhart's contention that the district court erred in denying his request for a variance sentence.

Finally, Everhart argues that the 100-to-1 crack cocaine to powder cocaine ratio proscribed in 21 U.S.C. § 841(b) (2000) violates his equal protection rights. However, we have repeatedly considered and rejected such an argument. See, e.g., United States v. Ford, 88 F.3d 1350, 1365 (4th Cir. 1996); United States v.

Fisher, 58 F.3d 96, 99-100 (4th Cir. 1995); <u>United States v. D'Anjou</u>, 16 F.3d 604, 612 (4th Cir. 1994).

For the foregoing reasons, we affirm the 360-month sentence imposed by the district court on remand. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>