**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 06-4901**

———————

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

          v.

RICKY EUGENE EVERHART,

                    Defendant - Appellant.

———————

On Remand from the Supreme Court of the United States.
(S. Ct. No. 07-9376)

———————

Submitted:  July 24, 2008          Decided:  August 13, 2008

———————

Before MICHAEL and MOTZ, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

———————

Vacated and remanded by unpublished per curiam opinion.

———————

Mark P. Foster, Jr., NIXON, PARK, GRONQUIST & FOSTER, P.L.L.C.,
Charlotte, North Carolina, for Appellant.  Gretchen C. F. Shappert,
United States Attorney, Charlotte, North Carolina; Amy E. Ray,
Assistant United States Attorney, Asheville, North Carolina, for
Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Following a jury trial, Ricky Eugene Everhart was found guilty of conspiracy to distribute fifty grams or more of cocaine base, in violation of 21 U.S.C.A. §§ 841, 846 (West 1999 & Supp. 2008), and two counts of possession with intent to distribute fifty grams or more of cocaine base, in violation of 21 U.S.C.A. § 841(a)(1). He was sentenced to 360 months' imprisonment. Everhart appealed, and although we affirmed his convictions, we remanded for resentencing in light of United States v. Booker, 543 U.S. 220 (2005). See United States v. Everhart, 166 F. App'x 61 (4th Cir. 2006) (No. 04-5124).

On remand, Everhart argued, in relevant part, that the district court should impose a variance sentence because the Sentencing Guidelines' 100-to-1 crack cocaine/powder cocaine ratio created unwarranted sentencing disparity. Based upon then-authoritative Circuit precedent, the district court rejected Everhart's request for a variance sentence and reimposed a 360-month term of imprisonment. We affirmed the district court's order. See United States v. Everhart, 245 F. App'x 316 (4th Cir. 2007) (No. 06-4901), vacated, 128 S. Ct. 1750 (2008). Everhart filed a petition for writ of certiorari from the United States Supreme Court, which vacated his sentence and remanded his case to this court for further consideration in light of Kimbrough v.

- 2 -

United States, 128 S. Ct. 558 (2007), and Gall v. United States, 128 S. Ct. 586 (2007).

In Kimbrough, the Supreme Court held that "it would not be an abuse of discretion for a district court to conclude when sentencing a particular defendant that the crack/powder disparity yields a sentence 'greater than necessary' to achieve [18 U.S.C.A] § 3553(a)'s purposes, even in a mine-run case." Kimbrough, 128 S. Ct. at 575. Kimbrough has thus abrogated United States v. Eura, 440 F.3d 625 (4th Cir. 2006) (holding sentencing court may not vary from Guidelines range solely because of 100-to-1 ratio for crack/powder offenses), vacated, 128 S. Ct. 853 (2008). The district court did not have the benefit of Kimbrough when it determined Everhart's sentence. To give the district court the opportunity to reconsider the sentence in light of Kimbrough, we conclude that resentencing is necessary.

We therefore vacate the sentence imposed by the district court and remand for resentencing.* We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

VACATED AND REMANDED

---

*On remand, Everhart will be resentenced under the revised Guidelines for crack offenses that took effect on November 1, 2007.