**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-4298**

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

         v.

RICKY EUGENE EVERHART, a/k/a Red,

              Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Statesville.   Richard L. Voorhees, District Judge.  (5:03-cr-00034-1)

Submitted: January 10, 2011          Decided:  June 24, 2011

Before MOTZ and WYNN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Mark P. Foster, Jr., LAW OFFICES OF MARK FOSTER, PC, Charlotte, North Carolina, for Appellant.  Anne M. Tompkins, United States Attorney, Adam Morris, Assistant United States Attorney, Charlotte, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Following a jury trial in 2004, Ricky Eugene Everhart was convicted of conspiracy to possess with intent to distribute fifty grams or more of cocaine base, in violation of 21 U.S.C.A. §§ 841, 846 (West 1999 & Supp. 2010), and two counts of possession with intent to distribute fifty grams or more of cocaine base, in violation of 21 U.S.C. § 841(a)(1). In his presentence report, the probation officer attributed 508.5 grams of cocaine base to Everhart. Everhart's sentencing range was 360 months to life in prison. U.S. Sentencing Guidelines Manual ch. 5, pt. A (sentencing table) (2003). The district court sentenced Everhart to 360 months' imprisonment. On appeal, this court affirmed Everhart's convictions, but vacated his sentence and remanded the case for resentencing in accordance with United States v. Booker, 543 U.S. 220 (2005). See United States v. Everhart, 166 F. App'x 61 (4th Cir. 2006) (unpublished).

On remand, the district court again sentenced Everhart to 360 months' imprisonment. Everhart appealed, and this court affirmed. See United States v. Everhart, 245 F. App'x 316 (4th Cir. 2007) (unpublished), vacated, 552 U.S. 1292 (2008). Everhart filed a petition for a writ of certiorari in the United States Supreme Court, which vacated his sentence and remanded his case to this court for further consideration in light of

2

Kimbrough.[1]  We, in turn, vacated Everhart's sentence and remanded the case to the district court.  See United States v. Everhart, 288 F. App'x 77 (4th Cir. 2008) (unpublished).

At that hearing, Everhart raised many of the same arguments previously considered by the district court, but also presented three new contentions:  (1) that he was not subject to the penalty provisions applicable to crack cocaine offenses because the indictment had not charged, and the jury had not found, that his conduct involved crack cocaine as opposed to another form of cocaine base ("crack specificity argument"); (2) that the drug quantity found by the probation officer was invalid because there was no evidence to establish what portion of that quantity reflected materials that needed to be separated from the cocaine base prior to use ("usability argument"); and (3) that, under the rule of lenity, he should be sentenced based on the statutory and Guidelines provisions applicable to cocaine offenses, because cocaine and cocaine base have the same chemical composition ("rule of lenity argument").  The district court rejected these arguments, but granted Everhart a three-level downward variance due to the disparity in sentencing between him and his co-defendant.  The court sentenced Everhart to 235 months' imprisonment.

---

[1] Kimbrough v. United States, 552 U.S. 85 (2007).

3

Everhart appealed, but prior to adjudication by this court, the parties filed a joint motion to remand the case to allow the district court to further explain the reasons for its sentence. On remand, the court again rejected the arguments raised at the third sentencing hearing, again granted a downward variance, and sentenced Everhart to 188 months' imprisonment. This appeal timely followed.

Everhart reasserts the usability, the rule of lenity, and the crack specification arguments on appeal. The Government argues this court is foreclosed from considering these issues, however, because they could have been but were not raised in Everhart's first appeal. For the reasons that follow, we agree with the Government and affirm the district court's judgment.

The mandate rule "forecloses relitigation of issues expressly or impliedly decided by the appellate court," and "litigation of issues decided by the district court but foregone on appeal." United States v. Bell, 5 F.3d 64, 66 (4th Cir. 1993). The rule further dictates that "any issue that could have been but was not raised on appeal is waived and thus not remanded." Doe v. Chao, 511 F.3d 461, 465 (4th Cir. 2007) (internal quotation marks omitted).

The record clearly establishes that Everhart did not raise the usability, rule of lenity, and crack specificity arguments in his first direct appeal. Further, these arguments

4

were available to Everhart at that time, as they do not rely on a change in the law, newly discovered evidence, or purport to correct a blatant error to prevent a serious injustice.  See id. at 467.  Because Everhart could have raised these issues in his first appeal but did not, and there is no exception that would allow this court to consider these arguments at this juncture, we hold that Everhart has waived these arguments.[2]

Accordingly, we affirm the district court's amended judgment.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

---

[2] To avoid application of the waiver doctrine, Everhart asserts the Government has forfeited its position that these arguments are waived by failing to raise that argument in the district court.  However, this misconstrues the Government's contention, which is that this court should not consider these arguments because they were not raised in Everhart's first appeal, a fact that Everhart does not dispute.  See Omni Outdoor Adver., Inc. v. Columbia Outdoor Adver., Inc., 974 F.2d 502, 505 (4th Cir. 1992) ("The most rudimentary procedural efficiency demands that litigants present all available arguments to an appellate court on the first appeal.").  We are thus not persuaded by this argument.